**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABBY JO OVITSKY, | No. 14-35422 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02250-AA |
| v. | |
| STATE OF OREGON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Abby Jo Ovitsky appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims arising from her

treatment as someone who suffers from an auditory processing disorder and who

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, we deny Ovitsky's request for oral argument, set forth in her opening brief.

communicates through writing. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's application of local rules, as well as a denial of a motion for leave to amend. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by denying Ovitsky's motion for leave to file a third amended complaint because Ovitsky's motion failed to comply with local rules and Ovitsky's proposed third amended complaint failed to state any cognizable claims for relief. *See* D. Or. R. 7-1(a) (the first paragraph of every motion must contain a certification regarding attempts to meet and confer; otherwise, the court may deny the motion); D. Or. R. 15-1(c) (an amended pleading "may not incorporate any part of the prior pleading by reference" and "any party moving for leave to file an amended . . . pleading must describe the proposed changes"); *Hinton*, 5 F.3d at 397 (a court may refuse to grant leave to amend when, even if amendments were allowed, the complaint would be subject to dismissal); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

14-35422

The district court did not abuse its discretion by denying Ovitsky's motion for reconsideration under Federal Rule of Civil Procedure 60(a) because Ovitsky failed to establish grounds for such relief. *See Garamendi v. Henin*, 683 F.3d 1069, 1077-80 (9th Cir. 2012) (setting forth standard of review and factors warranting reconsideration under Rule 60(a)).

We reject Ovitsky's contention that the district court erred by not appointing counsel after it tried, but was unable, to find a volunteer lawyer to accept Ovitsky's case. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989) (28 U.S.C. § 1915(d) does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We do not consider any contentions relating to Washington County or to the Washington County Sheriff's Department because neither entity is a party to this appeal.

**AFFIRMED**.